# Exhibit A



**null / ALL**
**Transmittal Number: 22502169**
**Date Processed: 12/30/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Matt Fichter<br>National Interstate Corporation<br>3250 Interstate Dr<br>Richfield, OH 44286-9000 |
| **Electronic copy provided to:** | Kathy Juhasz |

| | |
|---|---|
| **Entity:** | National Interstate Insurance Company<br>Entity ID Number  3231778 |
| **Entity Served:** | National Interstate Insurance Company |
| **Title of Action:** | Walter Gregory Davis vs. Best Way Express, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 20-C-09139-S1 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 12/29/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | J. L. King, I1<br>229-386-1376 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-09139-S1**
**12/21/2020 12:50 PM**

CLERK OF STATE COURT

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WALTER GREGORY DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE NO.: 20-C-09139-S1 |
| v. | ) | |
| | ) | |
| BEST WAY EXPRESS, INC., | ) | |
| NATIONAL INTERSTATE INSURANCE | ) | |
| COMPANY, and CHAD E. MOREHEAD | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

TO:    **NATIONAL INTERSTATE INSURANCE COMPANY**

You are hereby summoned and required to file with the Clerk of said Court and serve upon J. L. King, II, of The King Firm, 1603 US HWY 41 N, P. O. Box 746, Tifton, Georgia 31793, attorney for Plaintiff, an answer to the complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Further, you are directed to respond to the interrogatories, requests for admission, and requests to produce filed with the complaint within forty-five (45) days after service of this summons upon you.

21ST Day of DECEMBER
_____, 2020.


D/   Clerk of State Court of Gwinnett County

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-09139-S1**
**12/20/2020 8:50 PM**

CLERK OF STATE COURT

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WALTER GREGORY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.:   **20-C-09139-S1** |
| v. | ) | |
| | ) | |
| BEST WAY EXPRESS, INC., | ) | |
| NATIONAL INTERSTATE INSURANCE | ) | |
| COMPANY, and CHAD E. MOREHEAD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW WALTER GREGORY DAVIS "GREG", (sometimes referred to as "Plaintiff") Plaintiff in the above-styled action and hereby file this Complaint as follows:

1.

This is a negligence case involving Plaintiff Greg Davis, which arises out of a crash occurring on January 9, 2019.  On January 9, 2019, Greg Davis was a passenger in a vehicle with his wife on I-285 in Cobb County.  A tractor trailer driven for Best Way Express, Inc. by Chad Morehead was also being driven on I-285 in Cobb County.  Defendant Morehead was following too closely and crashed into the rear of the vehicle in which Greg Davis was travelling.  The crash severely injured Mr. Davis.  The tractor trailer driven by Chad Morehead for Best Way Express, Inc. was insured by National Interstate Insurance Company.

2.

Plaintiff states his intention and desire to bring each and every permissible, proper, and authorized claim for damages under all Georgia laws. Plaintiffs seek all general, special,

compensatory, punitive, consequential, economic, and other damages permitted under Georgia law.

3.

Defendant National Interstate Insurance Company (sometimes referred to as "National Interstate") is an Ohio corporation and may be served through its registered agent CT Corporation System, or other officer or agent at the office registered with the Georgia Secretary of State which office is located at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Defendant National Interstate Insurance Company has been properly served with sufficient process in this action.

4.

Best Way Express, Inc. (sometimes referred to as "Best Way") is an Indiana corporation and may be served through its registered agent Jay D. Robinson at 10 W. Market St., Ste. 1500, Indianapolis, IN. Defendant Best Way Express, Inc. has been properly served with sufficient process in this action.

5.

Defendant Chad E. Morehead (sometimes referred to as "Morehead") may be served at 3138 Carmel Ridge Dr., Newton, NC. Defendant Chad E. Morehead has been properly served with sufficient process in this action.

6.

Jurisdiction and venue are proper in this Court as to Defendants pursuant to multiple authorities, including O.C.G.A. §§ 9-10-31, 14-2-510, Ga. Const. 1983, Art. IV, § II, ¶ IV, and other applicable law. Defendant National Interstate Insurance Company maintains their registered office and transacts business in Gwinnett County. As such, venue for all defendants

is proper in this Court.

7.

At the time of the subject collision, Defendant National Interstate Insurance Company provided a policy of liability insurance on behalf of Defendants Best Way Express, Inc. and Chad E. Morehead, pursuant to policy number CAT 0010946 01. Said policy was in effect on January 9, 2019. Defendant National Interstate is subject to suit by direct action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140. As insurer for a motor carrier, Defendant National Interstate is subject to direct action in this matter.

8.

Jurisdiction and venue are proper as to all defendants.

9.

On January 9, 2019, Greg Davis was a passenger in a vehicle on I-285 in Cobb County, Georgia.

10.

At or about that time, Chad E. Morehead, driving a tractor-trailer for Best Way Express, Inc. was traveling on I-285.  Defendant Morehead was following too closely and likely speeding in a commercial tractor trailer owned by Best Way, with the tractor-trailer being operated under the direction, control and authority of Best Way. The commercial tractor trailer was used to transport property and had a gross combination weight rating in excess of 10,001 pounds.

11.

Defendant Morehead struck the vehicle in which Greg Davis was riding.

12.

Greg Davis suffered severe injuries as a result of the wreck.

13.

At all relevant times hereto, Defendant Morehead was acting at the direction and under the control of Defendant Best Way, was an agent and employee of Defendant Best Way, was acting within the course and scope of his employment with Best Way and with Best Way's permission.

14.

Defendants Morehead and Best Way are jointly and severally liable to Plaintiff. Further, Defendant Best Way is liable for the actions of Defendant Morehead under theories of *respondeat superior,* vicarious liability, and agency principles.

15.

Defendant National Interstate is liable for the negligence of Defendants Morehead and Best Way pursuant to Georgia's direct-action statutes. Defendant National Interstate's policy "limits", pursuant to pursuant to National Interstate policy number CAT 0010946 01, are fully applicable to pay any judgment rendered against Defendants Morehead and Best Way.

16.

Defendant Morehead's negligence, for which all other Defendants are liable, includes, but is not limited to: negligently and recklessly operating his vehicle as to block the roadway pursuant to O.C.G.A. §§ 40-6-390 and 40-6-71, recklessly causing a collision in the roadway, negligently and recklessly causing serious injury and/or death by vehicle, negligently following too closely pursuant to O.C.G.A. § 40-6-49, operating the vehicle without proper equipment pursuant to O.C.G.A. § 40-8-78, and any other acts of negligence that may be proven at trial.

17.

Defendants Morehead and Best Way violated Federal Motor Carrier Safety Regulations by, among other things, having deficient safety glazing pursuant to F.M.C.S.R. § 393.60.

18.

Defendant Chad Morehead failed to operate the subject tractor-trailer with the due care exercised by individuals in like or similar circumstances. Defendant Chad Morehead further operated the vehicle in a manner showing a complete disregard for the safety of others, including Greg Davis.

19.

Defendant Chad Morehead's actions constituted negligence in operating Defendants' tractor-trailer contrary to the reasonable and safe conditions and circumstances existing at the time of the collision.

20.

Defendant Chad Morehead's actions constituted negligence by engaging in a driving manner that was ill-timed and improper, causing danger, injuries, damages, and losses to Greg Davis.

21.

At all times mentioned herein, Greg Davis acted with reasonable care under the conditions and circumstances then existing.

22.

At all times mentioned herein, Karen Davis acted with reasonable care under the conditions and circumstances then existing.

23.

At the time of the crash, the tractor and trailer were defective and out of compliance with

relevant regulations.

24.

Defendants Chad Morehead and Best Way were negligent in failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue, including negligently failing to adequately inspect the tractor-trailer at issue prior to its use, and in negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Greg Davis, negligently failing to train employees, agents, including Defendant Chad Morehead, and failing to ensure the tractor-trailer had proper and non-defective equipment.

25.

Prior to and at the time of the collision, Defendant Best Way provided the tractor-trailer at issue to Defendant Chad Morehead; Best Way knew, or should have known, that Defendant Chad Morehead had a propensity to drive in an unsafe manner, had unsafe equipment on the subject tractor-trailer, had not been properly trained, was a safety risk to the general public, and their negligent retention, supervision, hiring, training, and/or entrustment was a proximate cause of the collision with Greg Davis and the subsequent severe injuries suffered by Greg Davis.

26.

Because Defendant Best Way had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendant Best Way is liable for the negligent supervision, hiring, training, and retention of its management, agents, and employees and the entrustment of said tractor-trailer to said management, agents and employees.

27.

Defendant Best Way was negligent in allowing Defendant Chad Morehead to operate the tractor-trailer involved in the collision with Greg Davis.

28.

Prior to the subject collision, Defendants Best Way through its agents, owners, and/or employees, knew that Defendant Chad Morehead drove the tractor-trailer (and/or other tractor-trailers provided by Defendant Best Way) to and from various locations in Georgia as well as to other destinations.

29.

Defendant Best Way was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Greg Davis.

30.

Defendants failed to adhere to pertinent aspects of Georgia and Federal motor vehicle laws and regulations.

31.

Defendants were and are negligent *per se.*

32.

Defendants were and are responsible for all other acts of negligence as may be shown at trial.

## DAMAGES – GREG DAVIS

33.

Greg Davis sustained severe injuries that were directly and proximately caused by the negligence of the Defendants.

34.

But for the negligence of Defendants, Greg Davis would not have suffered severe injuries.

35.

Plaintiff Greg Davis is entitled to recover all elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, punitive, consequential, and/or other damages permitted. Plaintiff Greg Davis states his intention to seek all compensatory, special, economic, consequential, punitive, general and all other damages permissible under Georgia Law to the extent the same can be proven, including, but not limited to:

a)      Personal injuries;

b)      Past, Present, and Future Pain and suffering;

c)      Disability;

d)      Disfigurement;

e)      Mental anguish, fright, shock, and terror;

f)      Loss of enjoyment of life;

g)      Incidental expenses;

h)      Past, Present, and Future Medical expenses;

i)      Permanent Injuries;

j)      Loss of capacity to work;

k)      Punitive damages pursuant to O.C.G.A. § 51-12-5.1; and

l)      Consequential damages to be proven at trial.

36.

Each of the previously mentioned acts and omissions constitute an independent act of negligence on the part of Defendants, one or more of which proximately caused the severe injuries to Greg Davis and damages to him. Defendants are jointly and severally liable for the severe injuries to Greg Davis and his losses and damages allowed under the laws of the State of Georgia.

## APPLICABILITY OF INSURANCE

37.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant National Interstate is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts and/or omissions of Defendants Chad Morehead and Best Way.

## PUNITIVE DAMAGES

38.

Plaintiffs are entitled to an award of punitive damages because Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care that raises the presumption of conscious indifference to consequences and/or a specific intent to cause harm as defined by O.C.G.A. § 51-12-5.1.

## ATTORNEYS' FEES AND EXPENSES

39.

Plaintiffs are entitled to and do request attorney's fees and the expenses of litigation because the acts and/or omissions of Defendants Chad Morehead and Best Way show that these Defendants, as well as their agents, have acted in bad faith in the transactions and dealings surrounding the accident at issue in this Complaint. These defendants and their agents have been

stubbornly litigious and have caused Plaintiffs unnecessary expenses so as to entitle Plaintiffs to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11. Defendants and their agents have acted in bad faith and have forced Plaintiffs to file this lawsuit in order to receive compensation for the injuries of Greg Davis and all other damages allowed under Georgia law.

WHEREFORE, Plaintiff prays for a judgment to be awarded to them and against the Defendants for the following:

(a) Process issue as provided by law;

(b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

(c) Plaintiff be awarded past, present, and future damages permitted under Georgia Law in an amount to be proven through the evidence at the time of trial for the past, present and future;

(d) Plaintiff Greg Davis be awarded all damages for injuries and all general, special, compensatory, economic, punitive, and other allowable damages, including attorneys' fees and expenses in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law for the injuries and damages sustained by Greg Davis;

(g) Plaintiff have a trial by jury; and

(h) Plaintiff have such other relief as this Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted this 20th day of December, 2020.

**THE KING FIRM**

*/s/ J. L. King, II* _____

J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiffs

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-09139-S1**
**12/21/2020 12:50 PM**

*[signature]*
CLERK OF STATE COURT

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WALTER GREGORY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| BEST WAY EXPRESS, INC., | ) | |
| NATIONAL INTERSTATE INSURANCE | ) | |
| COMPANY, and CHAD E. MOREHEAD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CHAD E. MOREHEAD

TO: Chad E. Morehead

Pursuant to O.C.G.A. 9-11-36, you are hereby required to Answer, in the form provided by law, the following Requests for Admissions:

1.

You have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Gwinnett County State Court has jurisdiction over the subject matter of this case.

6.

Gwinnett County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in Gwinnett County State Court.

8.

Plaintiff states a claim upon which relief can be granted.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

On January 9, 2019, Defendant Chad E. Morehead was operating a tractor-trailer, and Defendant Best Way Express, Inc. owned said tractor-trailer.

11.

Defendant Chad E. Morehead was driving the tractor-trailer at issue with the permission of Defendant Best Way Express, Inc., and in furtherance of the business of Best Way Express, Inc. on January 9, 2019, at the time of the collision at issue in this lawsuit.

12.

Defendant Chad E. Morehead was in the course and scope of his employment with Defendant Best Way Express, Inc. at the time of the collision at issue in this case.

13.

Best Way Express, Inc. operates a business for profit.

14.

Best Way Express, Inc. is a motor carrier.

15.

Best Way Express, Inc. is a motor carrier for hire.

16.

The Best Way Express, Inc. tractor-trailer that was being driven by Chad E. Morehead collided with the vehicle occupied by Walter Gregory Davis forming the basis of this lawsuit.

17.

Karen Davis was not contributorily negligent in the incident.

18.

Defendant Chad E. Morehead's actions caused Walter Gregory Davis's injuries.

19.

Walter Gregory Davis was not contributorily negligent in the incident.

20.

Best Way Express, Inc. is responsible for Defendant Chad E. Morehead's actions on the day of the incident.

21.

Defendant Chad E. Morehead was being compensated for his work operating a tractor-trailer on the date of the incident.

22.

Best Way Express, Inc. owned the tractor-trailer Chad E. Morehead was operating at the time of the collision at issue in this lawsuit.

23.

Defendant Chad E. Morehead was operating the tractor-trailer involved in the collision at issue in this lawsuit with the permission of Defendant Best Way Express, Inc. at the time of the collision at issue in this lawsuit.

24.

The tractor-trailer driven by Defendant Chad E. Morehead at the time of the incident was used to transport property.

25.

National Interstate Insurance Company has not sent a reservation of rights or otherwise denied coverage to Chad E. Morehead for the incident which is the basis of this lawsuit.

26.

The tractor-trailer driven by Defendant Chad E. Morehead at the time of the incident which forms the basis of this lawsuit had a gross combination weight rating of greater than 10,001 pounds.

**THE KING FIRM**

_/s/ J. L. King, II_
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiffs

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-09139-S1**
**12/21/2020 12:50 PM**

*Katons J. Alun Jr.*
CLERK OF STATE COURT

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WALTER GREGORY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| BEST WAY EXPRESS, INC., | ) | |
| NATIONAL INTERSTATE INSURANCE | ) | |
| COMPANY, and CHAD E. MOREHEAD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BEST WAY EXPRESS, INC.

TO: Best Way Express, Inc.

Pursuant to O.C.G.A. 9-11-36, you are hereby required to Answer, in the form provided by law, the following Requests for Admissions:

1.

You have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Gwinnett County State Court has jurisdiction over the subject matter of this case.

6.

Gwinnett County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in Gwinnett County State Court.

8.

Plaintiffs state a claim upon which relief can be granted.

9.

Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-19.

10.

On January 9, 2019, Defendant Chad E. Morehead was operating a tractor-trailer, and Defendant Best Way Express Inc., Company owned said tractor-trailer.

11.

Defendant Chad E. Morehead was driving the tractor-trailer at issue with the permission of Defendant Best Way Express, Inc., and in furtherance of the business of Best Way Express, Inc. on January 9, 2019, at the time of the collision at issue in this lawsuit.

12.

Defendant Chad E. Morehead was in the course and scope of his employment with Defendant Best Way Express, Inc. at the time of the collision at issue in this case.

13.

Best Way Express, Inc. operates a business for profit.

14.

Best Way Express, Inc. is a motor carrier.

15.

Best Way Express, Inc. is a motor carrier for hire.

16.

Best Way Express, Inc. trailer that was being pulled by Defendant Best Way Express Inc. collided with the vehicle occupied by Walter Gregory Davis forming the basis of this lawsuit.

17.

Karen Davis was not contributorily negligent in the incident.

18.

Defendant Best Way Express, Inc.'s actions caused Walter Gregory Davis's injuries.

19.

Walter Gregory Davis was not contributorily negligent in the incident.

20.

Best Way Express, Inc. is responsible for Defendant Chad E. Morehead's actions on the day of the incident.

21.

Best Way Express, Inc.'s actions caused Walter Gregory Davis's injuries.

22.

Defendant Chad E. Morehead was being compensated for his work operating a tractor-trailer on the date of the incident.

23.

The tractor-trailer driven by Defendant Chad E. Morehead at the time of the incident was used to transport property.

24.

The tractor-trailer driven by Defendant Chad E. Morehead at the time of the incident had a gross combination weight rating of greater than 10,001 pounds.

25.

Defendant Chad E. Morehead was operating the tractor-trailer involved in the collision at issue in this lawsuit with the permission of Defendant Best Way Express, Inc. at the time of the collision at issue in this lawsuit.

26.

National Interstate Insurance Company has not sent a reservation of rights or otherwise denied coverage to Best Way Express, Inc. for the incident which is the basis of this lawsuit.

**THE KING FIRM**

*/s/ J. L. King, II*
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiffs

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-09139-S1**
**12/21/2020 12:50 PM**

*[signature]*
CLERK OF STATE COURT

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

WALTER GREGORY DAVIS,              )
                                  )
         Plaintiff,               )
                                  )        CIVIL ACTION FILE NO.:
v.                                )
                                  )
BEST WAY EXPRESS, INC.,           )
NATIONAL INTERSTATE INSURANCE     )
COMPANY, and CHAD E. MOREHEAD,    )
                                  )
                                  )
         Defendants.              )

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
TO DEFENDANT NATIONAL INTERSTATE
INSURANCE COMPANY**

TO: National Interstate Insurance Company

Pursuant to O.C.G.A. 9-11-36, you are hereby required to Answer, in the form provided by law, the following Requests for Admissions:

1.

You have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Gwinnett County State Court has jurisdiction over the subject matter of this case.

6.

Gwinnett County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in Gwinnett County State Court.

8.

Plaintiff states a claim upon which relief can be granted.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

On January 9, 2019, Defendant Chad E. Morehead was operating a tractor-trailer, and Defendant Best Way Express, Inc. owned said tractor-trailer.

11.

Defendant Chad E. Morehead was driving the tractor-trailer at issue with the permission of Defendant Best Way Express, Inc., and in furtherance of the business of Best Way Express, Inc. on January 9, 2019, at the time of the collision at issue in this lawsuit.

12.

Defendant Chad E. Morehead was in the course and scope of his employment with Defendant Best Way Express, Inc. at the time of the collision at issue in this case.

13.

Best Way Express, Inc. operates a business for profit.

14.

Best Way Express, Inc. is a motor carrier.

15.

Best Way Express, Inc. is a motor carrier for hire.

16.

The Best Way Express, Inc. tractor-trailer that was being driven by Chad E. Morehead collided with the vehicle occupied by Walter Gregory Davis forming the basis of this lawsuit.

17.

Karen Davis was not contributorily negligent in the incident.

18.

Defendant Chad E. Morehead and Best Way Express, Inc.'s actions caused Walter Gregory Davis's injuries.

19.

Walter Gregory Davis was not contributorily negligent in the incident.

20.

Best Way Express, Inc. is responsible for Defendant Chad E. Morehead's actions on the day of the incident.

21.

Defendant Chad E. Morehead was being compensated for his work operating a tractor-trailer on the date of the incident.

22.

Best Way Express, Inc. owned the tractor-trailer Chad E. Morehead was operating at the time of the collision at issue in this lawsuit.

23.

Defendant Chad E. Morehead was operating the tractor-trailer involved in the collision at issue in this lawsuit with the permission of Defendant Best Way Express, Inc. at the time of the collision at issue in this lawsuit.

24.

You provided insurance coverage for Defendants Chad E. Morehead and Best Way Express, Inc. which covers the incident described in the complaint.

25.

The tractor-trailer driven by Defendant Chad E. Morehead at the time of the incident was used to transport property.

26.

You do not claim a coverage defense for the incident described in the complaint.

27.

The tractor-trailer driven by Defendant Chad E. Morehead at the time of the incident which forms the basis of this lawsuit had a gross combination weight rating of greater than 10,001 pounds.

**THE KING FIRM**

**/s/ J. L. King, II**
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiffs

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)

JL@KingTrialLaw.com

.

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-09139-S1**
**12/21/2020 12:50 PM**

*[signature]*
CLERK OF STATE COURT

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WALTER GREGORY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| BEST WAY EXPRESS, INC., | ) | |
| NATIONAL INTERSTATE INSURANCE | ) | |
| COMPANY, and CHAD E. MOREHEAD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## FILING CERTIFICATE

THE UNDERSIGNED, as attorney for the plaintiffs in the above-styled civil action, and pursuant to State Court Rule 5.2, shows that on the date designated below he filed to be served, along with the complaint, the following:

1.    **Plaintiffs' First Requests for Admission to Defendant Best Way Express, Inc.;**

2.    **Plaintiffs' First Requests for Admission to Defendant National Interstate Insurance Company;**

3.    **Plaintiffs' First Requests for Admission to Defendant Chad E. Morehead;**

4.    **Plaintiffs' First Continuing Interrogatories to Defendant Best Way Express, Inc.;**

5.    **Plaintiffs' First Continuing Interrogatories to Defendant National Interstate Insurance Company;**

6.    **Plaintiffs' First Continuing Interrogatories to Defendant Chad E. Morehead;**

7.    **Plaintiffs' First Requests for Production and Notice to Produce Documents to**

Defendant Best Way Express, Inc.;

8.   **Plaintiffs' First Requests for Production and Notice to Produce Documents to Defendant National Interstate Insurance Company;**

9.   **Plaintiffs' First Requests for Production and Notice to Produce Documents to Defendant Chad E. Morehead;**

Respectfully submitted this 20th day of December, 2020.


                                                    **THE KING FIRM**

                                                    */s/ J. L. King, II*
                                                    J. L. King, II
1603 N. U.S. Hwy 41                                 Georgia Bar No. 142285
P.O. Box 746                                        Attorney for Plaintiffs
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

WALTER GREGORY DAVIS,    )
                                      )
      Plaintiff,                )
                                        )     CIVIL ACTION FILE NO.:
v.                                )
                                        )
BEST WAY EXPRESS, INC.,      )
NATIONAL INTERSTATE INSURANCE )
COMPANY, and CHAD E. MOREHEAD, )
                                        )
                                        )
      Defendants.           )

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANTS BEST WAY EXPRESS, INC. and NATIONAL INTERSTATE INSURANCE COMPANY

TO:    DEFENDANTS
        Best Way Express, Inc. and
        National Interstate Insurance Company

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiffs hereby request that the Defendants respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiffs at The King Firm, LLC,  1603 N. U. S. Hwy. 41 Tifton, Georgia, 31794.

Please include the text of each question/request prior to each response. Plaintiffs will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A.    These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-H-26, et seq., so as to require each Defendant to serve upon all parties supplemental answers if

Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

B.     "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.     "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.     These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of each Defendant, as well as to the knowledge and information of Defendants' attorneys, investigators, agents, insures, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

E.     You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

1.

Identify the persons or entities that in any way owned the tractor-trailer referred to in the Complaint at the time of the subject wreck. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiffs' Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.

State whether Defendant Chad E. Morehead was acting within the course and scope of his employment with Defendant Best Way Express, Inc., at the time of the incident at issue. If you claim Defendant Chad E. Morehead was not acting within the course and scope of his employment with Defendant Best Way Express, Inc., please detail the basis of your denial.

4.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.

Please state the owner of the tractor-trailer involved in the subject incident. Please explain the circumstances that the vehicle came into the possession of the operator, the purpose for which

the tractor-trailer was being used, and its destination.

6.

(To Defendants' Best Way Express Inc. only.)

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation, and the court before which the suit was filed.

7.

State specifically and in detail when, where, and how you claim the occurrence happened that is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules, or regulations which you admit Chad Morehead violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address, and employer of all persons that to your knowledge, information, or belief have investigated any aspect of the occurrence that is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. *See* 0 C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this Interrogatory applies to all expert witnesses, including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

13.

Identify with specificity any accident or incident involving personal injuries that Defendant Chad E. Morehead has been involved, either <u>before</u> or <u>after</u> the incident that is the subject matter of this litigation, including the date, time, and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit,

giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you have had with any representative or family member of Karen Davis and Walter Gregory Davis at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times that Defendant Chad E. Morehead went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

State the point of origin, the destination, the reason for the trip, and at whose request Defendant Chad E. Morehead was pulling Defendant Best Way Express Inc. trailer at the time of the incident described in Plaintiffs' Complaint.

18.

If Defendant Chad E. Morehead has ever been given a citation for traffic offenses or a work reprimand preceding the incident that is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

State the make, year, weight and model of Defendant Best Way Express Inc. tractor-trailer involved in the incident, and please identify the last date preceding the incident that the tires were replaced or repaired on the trailer, and please identify all mechanical repairs or services to the

equipment preceding the crash.

20.

Has Defendant Chad E. Morehead's driver's license ever been suspended, canceled, revoked, or does it contain any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiffs' Complaint? If yes, please provide the details regarding the suspension, cancellation, revocation, or restrictions to said drivers license.

21.

State the factual basis for each defense that you assert in this action.

22.

If you contend that Karen Davis or Greg Davis acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Identify all policies and procedures in effect to supervise and regulate drivers of Defendant Best Way Express, Inc., vehicles, and trailers to determine their ability to safely operate and maintain such vehicles.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Chad E. Morehead? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report, or any copy thereof.

28.

If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

a)   what each such item purports to show, illustrate or represent;

b)   the date it was made or taken; and

c)   the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s), or accident reconstruction(s) that in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the

occurrence? If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

30.

State the date(s) authorization and permission were given to Defendant Chad E. Morehead to drive the subject truck and pull the subject trailer.

31.

Detail each and every arrangement or agreement between Defendant Chad E. Morehead and Defendant Best Express Way, Inc. or any other individual or entity under which Defendant Chad E. Morehead was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of Defendant Best Way Express, Inc.'s tractor-trailer at issue prior to the subject incident. For each inspection, detail how the inspection was performed, identify who was present, and the results of the inspection.

33.

State the names, addresses, and job positions of all operations and/or transportation managers who were either working at the time of this incident or have knowledge of this incident.

34.

Provide the present location of Defendant Best Way Express Inc. truck and trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs

35.

State whether Defendant Chad E. Morehead received any verbal or written disciplinary

action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

36.

Identify whether the tractor-trailer driven by Defendant Chad E. Morehead was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated there from.

37.

Was Defendant Chad E. Morehead given a drug and/or alcohol test following the collision at issue? If so, please identify the facility or agency that performed the testing, the results of such testing, and identify all documents generated therefrom.

38.

State whether Defendants Chad E. Morehead and Best Way Express, Inc. conducted a pre-trip inspection on the tractor-trailer at issue prior to the collision that forms the basis of this lawsuit, and if so, please state the date and time of the inspection, identify all documents prepared during such inspection, the location of those documents, and identify all persons and entities with knowledge of such inspection.

39.

State whether Chad E. Morehead was required to and did maintain a daily log, multi-day log, or other form of logging or recording trips and times for the months of October 2018, November 2018, December 2018, and January 2019 as well as provide all information as to the person who has custody of such documents.

40.

(To Defendant National Interstate Company Only.)

To the extent you claim the insurance policy and coverage provided by you to the defendants is not applicable to any of plaintiff's claims alleged in the complaint, please state the reasons for your contentions.

Respectfully submitted,

**THE KING FIRM**

*/s/ J. L. King, II*
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiff

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

WALTER GREGORY DAVIS,     )
)
     Plaintiff,     )
)     CIVIL ACTION FILE NO.:
v.     )
)
BEST WAY EXPRESS, INC.,     )
NATIONAL INTERSTATE INSURANCE  )
COMPANY, and CHAD E. MOREHEAD,  )
)
)
     Defendants.     )

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND
NOTICE TO PRODUCE DOCUMENTS TO DEFENDANTS**

TO:  **DEFENDANT BEST WAY EXPRESS, INC.
DEFENDANT NATIONAL INTERSTATE INSURANCE COMPANY**

Pursuant to O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, plaintiffs hereby

request that the defendant respond as provided by law, with a copy of the responses being served

upon the undersigned counsel of record for the plaintiff at The King Firm, P.O. Box 746, Tifton,

GA 31793.

**DEFINITIONS AND INSTRUCTIONS**

A.  This request for production of documents and notice to produce shall be deemed

continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et*

*seq.*, so as to require defendant to serve or produce upon all parties supplemental answers or

documents if defendant or his attorneys obtain further information between the time the answers

are served and the time of trial.  Plaintiff also requests that defendant produce the originals of each

document at trial and any deposition of defendant or his agents or employees.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.  If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E.  If you object to part of a request, please identify any documents withheld.  If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.  If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing that is the subject of Plaintiff's Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence. (This request seeks each and every policy that may provide coverage in any amount).

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Defendant Chad Morehead.

8.

Defendant Chad Morehead's complete driver qualification file.

9.

All maintenance and repair records on the tractor-trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, annual inspection report(s), or any tangible evidence pertaining to the upkeep of the motor vehicle involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred, or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your motor vehicle or equipment at issue.

11.

Each document submitted by you, or received from the police, the Federal Motor Carrier Safety Administration, Department of Transportation or any other entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of the involved tractor-trailer, and any inspection records of the involved tractor-trailer.

13.

Any and all documents in any way pertaining to Defendant Chad Morehead reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident, and any other collisions involving Defendant Chad Morehead, his driving history, drug tests, hours of service, record of

duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, and documents regarding the operation of Defendant Best Way Express, Inc.'s equipment.

14.

Any and all documents required to be maintained by the FMSCA, DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Chad Morehead or the tractor-trailer at issue.

15.

Copies of all company policies and procedures pertaining to the operation of Defendant Best Way Express, Inc.'s Company's or equipment and any policies and procedures that in any way apply to, cover, or govern Defendant Chad Morehead's employment. This is to include any driver's manuals, guidelines, rules and/or regulations given to drivers.

16.

Copies of all work orders, daily loads, and/or work reports for December 26, 2018 through January 9, 2019, as it relates to the Defendant Chad Morehead including the trip that is the subject of this incident.

17.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving one of Defendant Best Way Express, Inc.'s vehicles or Defendant Chad Morehead in the five years prior to January 9, 2019 including the incident register maintained by the motor carrier as required by federal law for the one-year period and five years preceding the incident – to also include this wreck.

18.

All documents that you receive in response to your Requests for Production of Documents

to nonparties.

19.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

20.

All books, documents, and/or other tangible things that prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

21.

The certificate of title, and/or other proof of ownership, for the vehicle involved in the wreck that is the subject matter of this civil action including all documents related to the purchase, sale, conversion or modification of both the tractor and trailer involved in this incident.

22.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendant, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendant.

23.

Copies of any and all reports, interoffice memoranda, or other documents relating to matters that are the subject of this Complaint including any document involving the wreck.

24.

Copies of all pre-trip inspection reports for the involved vehicle for the three months prior to the subject wreck.

25.

A copy of Defendant Chad Morehead's cell phone bill which reflects any calls made on January 8-9, 2019.

26.

Any and all reports, memos, notes, call logs, messages, letters, memoranda, or other documents detailing any calls or complaints you have received from motorists or any other person (including internal company complaints) regarding Defendant Chad Morehead. By way of example, and not limitation, if the motor vehicle at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question (a "How's my driving?" number), please produce any documents generated as a result of any calls or complaints received by Defendants.

27.

Any and all documents generated or downloaded from any black box, Qualcomm, computer, or other electronic recording device on the motor vehicle at issue.

28.

Any DOT or PSC reports, memos, notes, or correspondence concerning the truck driver or the vehicle involved in the incident.

29.

Any downloadable electronic data from the vehicle's engine regarding the speed of the vehicle or the operation of the vehicle for the six month period preceding the incident and including the incident itself.

30.

The carrier agreement, billing documents, or any document regarding the driver and/or trucking company being hired for the event at issue.

31.

All documents in any way related to the relationship between Chad Morehead (and any entity connected to Chad Morehead) and Best Way Express, Inc. including all payments made to Chad Morehead or any other entity connected to Chad Morehead.

32.

Copies of all medical records and bills you have for Walter Gregory Davis.

33.

All documents identified in your answers to interrogatories.

34.

(To Defendant National Interstate Insurance Company

Only.)

Any and all documents you contend support a contention that you do not have coverage for any portion of the damages claimed in the complaint up to your policy limits.

You are hereby requested to comply with said code section by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested.  In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to The King Firm, P.O. Box 746, Tifton, GA 31793.

Respectfully submitted,

THE KING FIRM

*/s/ J. L. King, II*
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiff

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)

JL@KingTrialLaw.com

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

WALTER GREGORY DAVIS,           )
                                )
        Plaintiff,              )
                                )        CIVIL ACTION FILE NO.:
v.                              )
                                )
BEST WAY EXPRESS, INC.,         )
NATIONAL INTERSTATE INSURANCE   )
COMPANY, and CHAD E. MOREHEAD,  )
                                )
                                )
        Defendants.             )

### PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION AND NOTICE TO PRODUCE DOCUMENTS TO DEFENDANT

TO:   DEFENDANT CHAD E. MOREHEAD

        Pursuant to O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, plaintiffs hereby request that the defendant respond as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the plaintiff at The King Firm, LLC, P.O. Box 746, Tifton, GA 31793.

### DEFINITIONS AND INSTRUCTIONS

        A.   This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, so as to require defendant to serve or produce upon all parties supplemental answers or documents if defendant or his attorneys obtain further information between the time the answers are served and the time of trial. Plaintiff also requests that defendant produce the originals of each document at trial and any deposition of defendant or his agents or employees.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.  If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E.  If you object to part of a request, please identify any documents withheld.  If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.  If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing that is the subject of Plaintiffs' Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendant and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence. (This request seeks each and every policy that may provide coverage in any amount).

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

Copies of any and all prescriptions given to you by any doctor from January 9, 2018 through January 30, 2019.

8.

Defendant Chad E. Morehead's complete driver qualification file.

9.

All maintenance and repair records on the tractor-trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, annual inspection report(s), or any tangible evidence pertaining to the upkeep of the motor vehicle involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred, or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your motor vehicle or equipment at issue.

11.

Each document submitted by you, or received from the police, the Federal Motor Carrier Safety Administration, Department of Transportation or any other entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of the involved tractor-trailer, and any inspection records of the involved tractor-trailer.

13.

Any and all documents in any way pertaining to Defendant Chad E. Morehead reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident, and any other collisions

involving Defendant Chad E. Morehead, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding ten weeks, and documents regarding his operation of Defendant Best Way Express, Inc.'s tractor trailer.

14.

Any and all documents required to be maintained by the FMSCA, DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Chad E. Morehead or the tractor-trailer at issue.

15.

Copies of all company policies and procedures pertaining to the operation of Defendant Best Way Express, Inc.'s vehicles or equipment and any policies and procedures that in any way apply to, cover, or govern Defendant Chad E. Morehead's employment. This is to include any driver's manuals, guidelines, rules and/or regulations given to drivers.

16.

Copies of all work orders, daily loads, and/or work reports for December 26, 2018 - January 9, 2019, as it relates to the Defendant Chad E. Morehead including the trip that is the subject of this incident.

17.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving one of Defendant Best Way Express, Inc.'s vehicles or Defendant Chad E. Morehead in the five years prior to January 9, 2019 including the incident register maintained by the motor carrier as required by federal law for the one-year period and five year period preceding the incident.

18.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

19.

Any and all documents identified, referenced, or used to answer any of Plaintiffs' discovery or supporting or relating to Plaintiffs' or Defendants' contentions of negligence.

20.

All books, documents, and/or other tangible things that prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

21.

The certificate of title, and/or other proof of ownership, for the vehicle involved in the wreck that is the subject matter of this civil action including all documents related to the purchase, sale, conversion or modification of both the tractor and trailer involved in this incident.

22.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendant, that there has been an insufficiency of process of service of Plaintiffs' Complaint, and/or that there has been an insufficiency of service of process upon any Defendant.

23.

Copies of any and all reports, interoffice memoranda, or other documents relating to matters that are the subject of this Complaint including any document involving the wreck.

24.

Copies of all pre-trip inspection reports for the involved vehicle for the three months prior to the subject wreck.

25.

A copy of Defendant Chad E. Morehead's cell phone bill which reflects any calls or texts made or received on January 8, 2019 and January 9, 2019.

26.

Any and all reports, memos, notes, call logs, messages, letters, memoranda, or other documents detailing any calls or complaints you have received from motorists or any other person (including internal company complaints) regarding Defendant Chad E. Morehead. By way of example, and not limitation, if the motor vehicle at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question (a "How's my driving?" number), please produce any documents generated as a result of any calls or complaints received by Defendants.

27.

Any and all documents generated or downloaded from any black box, Qualcomm, computer, or other electronic recording device on the motor vehicle at issue.

28.

Any DOT or PSC reports, memos, notes, or correspondence concerning the truck driver or the vehicle involved in the incident.

29.

Any downloadable electronic data from the vehicle's engine regarding the speed of the vehicle or the operation of the vehicle for the six month period preceding the incident.

30.

The carrier agreement, billing documents, or any document regarding the driver and/or trucking company being hired for the event at issue.

31.

All documents in any way related to the relationship between Chad E. Morehead (and any entity connected to Chad E. Morehead) and Best Way Express, Inc. including all payments made to Chad E. Morehead or any other entity connected to Chad E. Morehead.

32.

All documents in any way related to the relationship between Chad E. Morehead (and any entity connected to Chad E. Morehead) and Best Way Express, Inc., including all payments made to Chad E. Morehead or any other entity connected to Chad E. Morehead.

33.

Copies of all medical records and bills you have for Walter Gregory Davis.

34.

All documents identified in your answers to interrogatories.

You are hereby requested to comply with said code section by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested.  In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to The King Firm, LLC, P.O. Box 746, Tifton, GA 31793.

Respectfully submitted,

**THE KING FIRM**

*/s/ J. L. King, II*
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiffs

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376

(229) 386-1377(f)
JL@KingTrialLaw.com

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

WALTER GREGORY DAVIS, )
 )
  Plaintiff, )
 ) CIVIL ACTION FILE NO.:
v. )
 )
BEST WAY EXPRESS, INC., )
NATIONAL INTERSTATE INSURANCE )
COMPANY, and CHAD E. MOREHEAD, )
 )
 )
  Defendants. )

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
TO DEFENDANT CHAD E. MOREHEAD**

TO: DEFENDANT CHAD E. MOREHEAD

 Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiffs hereby request that the Defendant respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiffs at The King Firm, LLC, 1603 N. U. S. Hwy 41 Tifton, Georgia, 31794.

 Please include the text of each question/request prior to each response. Plaintiffs will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

A.     These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

B.     "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.     "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.     These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insures, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

E.     You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

1.

Identify the persons or entities that in any way owned the tractor-trailer you were driving prior to or at the time of the incident that is the subject matter of Plaintiff's Complaint. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity. This is to include all lienholders.

2.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

4.

Detail each and every arrangement or agreement between you and Defendant Best Way Express Inc. or any other individual or entity under which you were performing services at the time of the subject incident.

5.

Identify each and every individual or entity under whose authority, direction, or control you were operating the subject tractor-trailer at the time of the incident that is the subject of Plaintiff's Complaint. This includes your direct supervisor, his or her supervisor, and his or her supervisor until reaching the CEO or President of the company.

6.

State your full name, and any other name(s), nickname(s), or aliases, if any, that you have

ever used or by which you have ever been known, the date and place of your birth, and your Social Security number.

7.

List your present residence address and all other addresses that you have resided in the past ten (10) years and dates of each residency.

8.

If you have ever been arrested for, pled guilty to, pled *nolo contendere,* to or have been found guilty of any crime, please state the nature of said crime, the date, county and state in which you were tried and entered your plea, and the sentence given to you.

9.

If in the twenty-four hours immediately preceding the occurrence complained of, you consumed any alcoholic drink or had taken any drugs, pain killer, tranquilizer, stimulant, sleeping pill, or other form of medication or intoxicant, whether legal, prescribed, or otherwise, please state the amount and the time and place where each such substance was consumed.

10.

If you have ever been a party to any civil action (other than this civil action), please list the basis thereof, the date and title of each such civil action, the court in which it was brought, and the civil action file number.

11.

If you have ever been involved in a vehicular incident, either with this or another tractor-trailer, truck, automobile or a pedestrian, either before or after the incident complained of in Plaintiff's Complaint, please state the date and the location of same, the name of the parties involved, and whether any persons were injured in such incident.

12.

If you have ever suffered or had an occurrence or history of dizziness, blacking-out, amnesia, epilepsy, insanity, seizures, migraine headaches, or any impairment of your arms, legs, eyes, hands, or feet, please identify such condition and list the dates, names and addresses of any medical attention or consultation you have had for such condition.

13.

State specifically and in detail when, where, and how you claim the occurrence happened that is the basis of this lawsuit.

14.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules, or regulations which you contend Karen Davis violated with respect to the incident giving rise to this lawsuit, if any.

15.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

16.

State the name, address, and employer of all persons that to your knowledge, information, or belief have investigated any aspect of the occurrence that is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

17.

State the name and address of all expert witnesses or professional consultants retained or

consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions that the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts.

18.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

19.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's first request for production of documents.)

20.

State the substance of each conversation you had with any representative or family member of Karen Davis and Walter Gregory Davis at any time.

21.

For the date of the incident that is the subject of this lawsuit, state the times when you went to work and the times you quit work on that date, and on each of the previous seven (7) days.

22.

Please state the make, year, weight, and model of the tractor-trailer and/or tractor-trailers you were driving at or just prior to the incident at issue, and please identify all mechanical repairs or services to the equipment in the 6 months preceding the crash.

23.

Have you ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint? If yes, please provide the details regarding the suspension, cancellation, revocation, or restrictions to said drivers license.

24.

Please state the factual basis for each defense that you assert in this action.

25.

If you contend that Karen Davis or Greg Davis acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

26.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

27.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, that you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

28.

Please state in detail when, where, and how you first observed the vehicle Karen Davis was driving on January 9, 2019, including each and every time you saw the vehicle and for how long.

29.

List all of your employment for the past twenty (20) years, giving the name and address of each employment, the period of each employment, and the general nature of the job.

30.

Have you received any traffic citation(s) other than parking tickets? If your answer is yes, give the type of citation(s) you received, the date(s) you received it, the location (state and county), the fine(s), if any, which was paid, and state whether you pled guilty, *nolo contendere,* or not guilty to each citation listed. Please also state whether your license to operate a motor vehicle has ever been suspended or revoked. If so, please provide the dates and reasons for each suspension or revocation.

31.

If your response to the preceding Interrogatory was answered in the affirmative, please state the traffic citations and/or violations that were reported to Defendants Best Way Express Inc., and the method that those citations were noticed to same.

32.

Have you ever been "rated" for life insurance purposes or turned down for any

employment, military duty, or occupation of any kind for physical or mental reasons? If so, please state fully the circumstances.

33.

If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

    (a) What each such item purports to show, illustrate, or represent;

    (b) the date it was made or taken; and

    (c) the names and address of the person having custody of such item.

34.

Do you know of any test(s), experiment(s), or accident reconstruction(s) that in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

35.

State in detail the factual basis for each defense raised in your Answer.

36.

Explain the circumstances under which you were operating the vehicle at issue on January 9, 2019, including your point of origin, your destination, the route chosen to reach the destination and the person who prepared the route, the times of dispatch, any stops made prior to arriving at your destination, the contents of your trailers, and the total weight of the load you were carrying.

37

State whether you currently have, or have ever at any time in the past, held a valid drivers license and/or CDL in Georgia and any other state. If so, give the state(s) and the date(s) in which you held said license

38.

List all medical providers you treated with for any reason from January 9, 2017 through January 9, 2019.

39.

State the date and time of the last inspection you made to the subject tractor-trailer prior to the collision at issue, how the inspection was performed, what areas were inspected, who was present for the inspection and the results.

40.

State whether you were required and did maintain a daily log, multi-day log, or other form of logging or recording trips and times for the months of October 2018, November 2018, December 2018, and January 2019 as well as provide all information as to the person who has custody of such documents.

41.

Identify all traffic violations or citations you received arising from this occurrence and state each motor vehicle law or other law that you were charged with violating, how you pled, the court in which the citation was disposed of, and the ultimate disposition of the citation.

42.

Identify the name and position or title of all employees, officers, managers, or agents of Defendants Best Way Express Inc., and National Interstate Insurance Company with whom you

discussed the incident at issue, including the substance of the conversation or questioning, and the dates of the same.

43.

State whether you conducted a pre-trip inspection prior to the collision that forms the basis of this lawsuit, and if so, please state the date and time of the inspection, identify all documents prepared during such inspection, the location of those documents and identify all persons with knowledge of such inspection.

44.

If you owned, possessed, or used a cellular phone in January 2019, please identify your cellular phone number, the company that provides service for the phone, the last call you made prior to the subject collision, and any calls made immediately after the collision at issue.

Respectfully submitted,

**THE KING FIRM**

**/s/ J. L. King, II**
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiff

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31794
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com

Civil Action No. 20-C-07139-S1

Date Filed 12/21/20

Superior Court ☐

State Court ☑

Georgia, Gwinnett County

Walter Grey Davis

_____
Plaintiff

**Attorney's Address / Telephone Number**

J.L. King
P.O. Box 746
Tifton, GA 31793

VS.

**Name and Address of Party to be Served**

CT Corporation System
40 Technology Parkway S. Suite 300
Norcross, GA 30092

Best Way Express, INC, National
Interstate Insurance Company, and Elhadi
E. Mohamed
_____
Defendant

_____
Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County..

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐

Served the defendant National Interstate Insurance Company a corporation
by leaving a copy of the within action and summons with Amber Smith
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

**OTHER** ☐

Other documents served with summons and action include: Discovery Requests, Requests to Admit,
Interrogatories, Request to Produce, Rule 5.2 Certificate

This 29 day of December, 2020 ME Dun 307763

_____
DEPUTY/SHERIFF'S OFFICE OF

**SHERIFF DOCKET** _____ **PAGE** _____ _____COUNTY _____

TIFTON PRINTING CO. 229-382-7700